Benjamin R. Searcy, adm'r, plaintiff in error, vs. The Ocmulgee Bank, defendant in error.

This Court will reluctantly interfere, if at all, to disturb proceedings in the Superior Courts, which took place before its organization, and which were in conformity with the practice which prevailed at the period when they were had.

Searcy vs. Ocmulgee Bank.

Motion to set aside verdict and judgment, in Baldwin Superior Court.   Decision by Judge HARDEMAN.   August Term, 1847.

In 1838, the Ocmulgee Bank brought suit against Aaron Searcy, on a promissory note for the sum of $3,500.

In 1839, Aaron Searcy, the defendant, died, and his death was suggested and *scire facias* issued 8th November, 1841, to make Benjamin R. Searcy, his administrator, a party defendant, which was served 7th December, 1842.   At March Term, 1842, and before the service of the *scire facias*, an order was passed to establish a copy of the note sued on—the original having been lost—as an office paper.   At the same Term, March, 1842, an order was taken making Benjamin R. Searcy, administrator, a party.   At the same Term, a further order was taken to establish a copy declaration, in lieu of the lost original, but without establishing a copy of the process, or the acknowledgment of service.   At the same Term, a verdict was rendered in favor of the plaintiff for the amount of the note sued on, with interest, and cost and judgment entered thereon, against "the defendant, as administrator upon the estate of Aaron Searcy, deceased," for "three thousand five hundred dollars for his principal debt, one thousand and ninety-seven dollars interest, and the further sum of thirteen dollars twelve and a half cents for his cost in this behalf, and be the defendant in mercy," &c.   Signed March Term, 1842.

Upon this judgment, *fi. fa.* issued 8th April, 1842, commanding the Sheriff of Baldwin county, "that of the goods and chattels, lands and tenements, of Benjamin R. Searcy, administrator upon the estate of Aaron Searcy, deceased," he cause to be made the sum " of $3,500 principal, and the further sum of *one hundred and ninety-seven dollars*, interest up to 29th March, 1842, and $13 12 for cost, with interest on the principal sum from 29th March, 1842, until paid, which the Ocmulgee Bank of the State of Georgia lately, in

our Superior Court of said county, to-wit: on the 29th March, 1842, recovered against the said Benjamin R. Searcy, administrator as aforesaid, for principal, interest, and cost aforesaid."

At March Term, 1844, an order was taken to attach a copy of process and acknowledgment of service to the copy declaration. And at March Term, 1848, an order passed to amend the judgment *nunc pro tunc,* and to issue execution in conformity thereunto.

At August Term, 1857, a motion was made to set aside the verdict and judgment on the following grounds:

1st. Because there was no party defendant when the order was passed at March Term, 1842, to establish the lost note, and the verdict was rendered.

2d. Because a peremptory order was made to establish a private paper as an office paper.

3d. Because no *scire facias* to make parties had been served, when the verdict and judgment were rendered.

4th. Because the judgment was not entered up in conformity with the verdict.

The Court refused the motion, and discharged the *rule nisi.* And counsel for defendant excepts to said decision, and assigns the same as error.

Judge Benning having been formerly of counsel in this case, did not preside.

JONES & JONES, for plaintiff in error.

HILL & HARRIS, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

We will dispose of the first and third grounds : to set aside the judgment together.

The first objection is, that an order was taken to establish the note, upon which the judgment was rendered when there was no party defendant in Court to resist it; and the third is, that an order was taken to establish the note, which was the

foundation of the suit, and the verdict and judgment rendered in said cause, when the original defendant was dead and no writ of *scire facias* had been served upon the administrator, to make him a party.

It is probable that a misapprehension, as to the facts assumed in *those* two grounds gave rise to this proceeding. The action was brought originally, against Aaron Searcy, returnable to the June Term of the Court, 1838.  At July Term, 1839, the death of the defendant was suggested.  At March and September Terms, 1840, the entries on the docket are, " no parties."  There is a hiatus as to the year 1841.  At March Term, 1842, parties were made and a verdict taken. The minutes, as well as the memoranda by the Judge, on the bench docket, show these facts.  At that same Term, a rule was taken to establish a copy of the note, which recites, that the suit was then pending against Aaron Searcy's *representative*.  Of course, then, Benjamin Searcy, the administrator of Aaron, had previously been made a party.

The difficulty in this case grew out of two circumstances; one, because the order establishing the copy note, was entered on the minutes by the Clerk, before the order making the administrator a party.  But there is nothing unusual in this.  A number of orders are often taken at the same term, and perhaps at the same time, and handed together to the Clerk, who transfers them to his minutes without any regard to their natural or logical sequence.  We are warranted, perhaps bound, to presume that such was the case in this instance.

The second cause, in which the misapprehension originated, is the mistake of the Sheriff, as to the date of the service of the *scire facias* by him.  It purports to have been done in December, 1842, some eight months after the order was taken making the administrator a party, and after the copy note was established, and the verdict and judgment in the case were rendered.

The *scire facias* bears date the 8th of November, 1841. It is improbable, to say the least of it, that it should not have been served until thirteen months thereafter. But we are not left to conjecture in this case; nor to the presumption in favor of the regularity of the various proceedings had in March, 1842, against Benjamin. R. Searcy, as the representative of his deceased brother. Benjamin R. Searcy filed an affidavit in the cause, on the 7th day of February, 1847, wherein dates were material, and in which he himself swears, that the *scire facias*, to make him a party, was served on the 7th day of December, 1841. And this is unquestionably true; and clears up the apparent confusion in the premises.

We conclude, therefore, that there is no foundation for the first and third grounds taken in the motion to vacate the judgment.

The second ground is, that a summary order was taken establishing the note, upon which the action was brought, as if it were an office paper, when it was a private paper of the plaintiff, and had not been filed in Court.

It will be noted, that the order here complained of, was passed in 1842, several years before the organization of this Court. The order was taken in pursuance of the practice which then prevailed in the Ocmulgee circuit, if not throughout the State generally. Considering that the appearance term had passed, when persons trading for this instrument, might perhaps be affected by the doctrine of *lis pendens*, we do not feel entirely confident that the old rule was not correct. At any rate, we are clear that we have no authority to disturb the order, under all the circumstances of the case.

The fourth and only remaining ground is, that the judgment does not follow the verdict in said cause. Whatever was irregular, had been rectified long before this application was made. A contrariety of practice obtained upon this subject. In some of the circuits, a judgment *de bonis propriis*, was taken against the administrator, in the first instance; in others, the judgment was, as it undoubtedly should have

been, unless by way of penalty for pleading falsely, *de bonis testatoris.* And in others again, it was entered up in the alternative, *de bonis testatoris vel non de bonis propriis.* After the lapse of fifteen years, we should reluctantly interpose to set aside a judgment signed in any of these forms, even if the Court which rendered it, had not itself corrected the mistake, if indeed any were committed.

Upon the whole, we affirm the judgment of the Court below.

Judgment affirmed.